IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID M. BRATHWAITE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLS-22-1457 |
| BETTINA T. HELM, | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION AND ORDER

The parties have consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c). (ECF No. 24).

On January 12, 2023, the undersigned presided over a case management conference. (ECF No. 29). As a preliminary matter, the Court reminded the parties of their obligation to be familiar with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland. *See, e.g.,* Local Rule 101.1(a) (D. Md. 2021).

During the conference, the Court also opined that it has an obligation to ensure that it has jurisdiction to entertain Plaintiff's lawsuit. *See* Fed. R. Civ. P. 12(h)(3). Upon review of the pleadings, the Court finds that the Complaint, ECF No. 1, fails to set forth sufficient facts to establish a basis for this Court's jurisdiction, namely it fails to establish that diversity jurisdiction exists. *See* 28 U.S.C. § 1332(a) (2023). Relatedly, the Court finds that Plaintiff's Complaint fails to meet the pleading standards required by Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 9(b). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Rather than dismiss Plaintiff's lawsuit, the Court has broad discretion to grant Plaintiff leave to amend his complaint. A motion for leave to amend a pleading is governed by Fed. R. Civ. P. 15. Pursuant to Rule 15(a)(1), a party may amend his pleading once as a matter of course, so

long as it is done within 21 days after serving the pleading upon the opposing party, or 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A), (B). "In all other cases, a party may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

A trial court should freely grant leave to amend when "justice so requires." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). A court will deny leave to amend if: (1) that amendment would prejudice the opposing party; (2) the moving party has acted in bad faith; or (3) an amendment would be futile. *Edell & Assocs., P.C. v. Law Offices of Peter Angelos*, 264 F.3d 424, 446 (4th Cir. 2001).

An amendment to a complaint is not prejudicial if it "merely adds an additional theory of recovery to the facts already plead[ed] and is offered before any discovery has occurred." *Class Produce Grp., LLC v. Harleysville Worcester Ins. Co.*, Civ. No. ELH 16-3431, 2017 WL 2377105, at *9 (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)). This action commenced on June 13, 2022, all parties consented to this case being before the undersigned on November 29, 2022. (ECF Nos. 1, 24). The case management conference was held today. No Scheduling Order has been entered in this case. Accordingly, permitting Plaintiff to amend his complaint at this time will not prejudice Defendant.

A court can find "bad faith," where a plaintiff amends a complaint for an improper purpose, or a plaintiff is dilatory in amending his complaint. *See, e.g., Peamon v. Verizon Corp.*, 581 Fed. Appx. 291, 292 (4th Cir. 2014) (per curiam) (plaintiff acted in bad faith by seeking to amend his complaint by artificially inflating damages in order to obtain subject matter jurisdiction); *Island Creek Coal Co. v Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (no showing of purposeful

dilatoriness or bad faith by plaintiffs where there was only a short delay in between filing the complaint and motion to amend). The Court does not find this factor present in this case.

Finally, an amendment is futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). During the conference, the Court held that the Plaintiff must set forth sufficient facts to support federal jurisdiction. Put another way, Plaintiff's Amended Complaint shall comply with the pleading requirements of *Iqbal* and *Twombly* and set forth clear and particular facts that establish the basis for diversity of citizenship. Plaintiff acknowledged his understanding of the Court's order. At this procedural juncture, then, there is no basis for this Court to find that an amendment would be futile.

Accordingly, the Court hereby **ORDERS** that:

1. Plaintiff shall file an Amended Complaint by no later than **February 24, 2023**. The Amended Complaint shall comply with Fed. R. Civ. P. 8(a), Fed. R. Civ. P. 9(b), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and Local Rule 103.6(c) (D. Md. 2021).

2. The Defendant shall file an answer or another responsive pleading by no later than **March 17, 2023**. The Defendant's responsive pleading shall comport with the requirements set forth in the Federal Rules of Civil Procedure. *See, e.g.,* Fed. R. Civ. P. 8, Fed. R. Civ. P. 12(b) and/or Fed. R. Civ. P. 12(b)(1)-(2), (6).

Date: January 12, 2023                              /s/
                                                    The Honorable Gina L. Simms
                                                    United States Magistrate Judge